McKinney, J.
delivered the opinion of the court.
This is an .indictment for'an affray. — It charges, that Bartlett Travis and William Heflin, .late of the county of Montgomery, laborers on the twenty second day of February, one thousand eight hundred and forty-six, with force and arms, in *85 tbe county aforesaid, an affray did make by then and there fighting together in the town of Clarksville, greatly to the terror of the good people” &c. The defendant alone was put upon trial, and was convicted. At the same time judgment was arrested, and the attorney general on behalf of the state, prosecuted an appeal in error to this court.
The only question made in the case, is in regard to the sufficiency of the indictment.
This is a common law offence, and must charged in the indictment with that degree of certainty and precision required by the common law rules of criminal pleading: one of those rules, almost without an exception, is, that every fact and circumstance necessary to constitute the offence, must be specifically set forth in the indictment, with precision and certainty; that it may appear on the face of the indictment, whether or not they constitute an indictable offence — that the defendant may know how to make his defence; and that he may be enabled to plead a conviction or acquittal on such indictment, in bar of another prosecution for the same offence — and that the court may know what judgment should be given if the defendant be convicted. And if any material fact, or circumstance which is a necessary ingredient in the offence be omitted, it will vitiate the indictment, and the defendant may avail himself of it by demurrer, arrest of judgment, or writ of error. Arch. C. L., 41, 42.
To constitute an affray, a necessary and indispensable ingredient is, that the fighting must be in some public place. 4 Bl. Com. 146. This circumstance alone distinguishes an affray from another distinct substantive offence at common law, viz, an assault. It clearly follows, says Hawkins’ Pleas of the Crown, 1 vol. 487, that there may be an assault which will not amount to an affray, as where it happens in a private place out of the hearing or seeing of any except the parties *86 concerned; in which case it cannot be to the terror of the people.
Testing the indictment under consideration by the foregoing principles, can it be supported? We think not: if by construction or intendment, the omission of a material fact, essential to make out the offence could be supplied, still, the statement in this indictment that the fighting was “in the town of Clarks-ville” would not be sufficient. These words do not, by their' own proper meaning and. force, necessarily imply that the fighting was in a public place. It may have been in a private room of some house in the town or in a remote and retired place within the limits of the town, in the language, of Hawkins “out of the hearing and seeing of any, except the parties concerned,” and the rule upon this subject is, that every thing which is not expressly alledged or inferred by necessary implication from what is alleged, is to be presumed against the indictment. See Arch. C. L., 45.
We are of opinion that the indictment is essentially defective in not alleging in express terms, that the affray was in a public place; and that the judgment was properly arrested.
Let the judgment of the circuit court be affirmed.